People v Stewart (2023 NY Slip Op 03202)

People v Stewart

2023 NY Slip Op 03202

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Ind No. 5474/75 Appeal No. 469 Case No. 2019-04136 

[*1]The People of the State of New York, Respondent,
v
Glenn Stewart, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Natalie Rea of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.

Order, Supreme Court, New York County (Michele S. Rodney, J.), entered on or about September 16, 2019, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-c), unanimously affirmed, without costs.
The court correctly assessed 10 points for unsatisfactory conduct while under supervision because, while on parole from the underlying rape conviction, defendant murdered two people during a robbery, resulting in his incarceration for many years. Although defendant argues that the murders were exceedingly remote in time, the guidelines contain no time limits for that risk factor, and we do not find any overassessment of points.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were either adequately accounted for in the risk assessment instrument or were outweighed by the heinousness of the underlying rape and defendant's criminal history (see e.g. People v Ortiz, 160 AD3d 442 [1st Dept 2018], lv denied 31 NY3d 913 [2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023